IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

TOMMY RADFORD                                                                                              PLAINTIFF

        v.                        Civil No.  1:08-cv-1008

CAPTAIN DAVID NORWOOD;
JOE STRICKLAND;
TAMMI POOLE;
CHRIS GILL;
MARK SPEER;
DETECTIVE FRANKLIN;
GLENN LAMPKINS;
JAKE McCLANE                                                                                              DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Tommy Radford, currently an inmate of the Union County Criminal Justice Facility, filed this civil rights action under 42 U.S.C. § 1983.  The complaint was provisionally filed prior to a determination regarding Plaintiff's status as a pauper and service of process.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Harry F. Barnes, United States District Judge, referred this case the undersigned for the purpose of making a report and recommendation.

### DISCUSSION

Plaintiff names as defendants Captain David Norwood of the Ouachita County Detention Facility; Joe Strickland, Chief Deputy in Ouachita County; Tammi Poole, detective; Chris Gill, Jailer; Mark Speer, Jailer; Detective Franklin; Glenn Lampkins, Jailer; and Jake McClane, Jailer.  In his complaint, Plaintiff alleges he was threatened with brutal assault in his cell by Defendants Strickland and Poole while housed in Ouachita County and while being escorted from the courthouse.  Plaintiff

alleges he was placed in a cell without a sink or running water for 30 days and his grievances on the matter were ignored and not returned.  Plaintiff states he was threatened also by Defendants Speer and Gill and "tased" with a stun gun.  Specifically Plaintiff stated on September 10, 2007 he was forced to strip naked by Defendant Gill and was shot in the heart with a stun gun and was threatened with death if Plaintiff told anyone of the occurrence.  Plaintiff also states he was denied medical attention after the incident.  Plaintiff alleges further threats were made, as well as continued use of excessive force.

Title 28, Section 1915 of the United States code governs proceedings filed *in forma pauperis*.  As part of the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321, signed into law on April 26, 1996, section1915 was amended in an effort to address concerns about, and reduce the number of, frivolous prisoner initiated lawsuits.  28 U.S.C. § 1915.  Prior to the PLRA's amendments to Section 1915, a prisoner who attained *in forma pauperis* status was exempted from paying court fees.  After the enactment of the PLRA, prisoners granted IFP status are required to pay the filing fee but are allowed to pay it in installments.  28 U.S.C. § 1915 (b).

The PLRA also added subsection 1915 (g) which limits the ability of a prisoner, who has filed at least three claims that have been dismissed as frivolous, malicious, or for failure to state a claim, to obtain IFP status.  Specifically, § 1915 (g) provides that:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915 (g).  This provision has commonly become known as the "three strikes rule" or the "three strikes provision" and has withstood constitutional challenges.  *See e.g., Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999).

The three strikes rule applies to Plaintiff.  He has had three previous actions that qualify as

-2-

strikes against him under Section 1915 (g). *See e.g., Radford v. Moka,* No. 5:00-cv-00187 (E.D. Ark. closed Feb. 25, 2002) (dismissed for failure to state a claim)*; Radford v. Ethers,* 2:01-cv-00229 (E.D. Ark. closed Dec. 19, 2001) (dismissed for failure to state a claim)*; Radford v. Barnes,* 2:01-cv-00230 (E.D. Ark. closed Feb. 20, 2002) (dismissed for failure to state a claim). He has been denied leave to proceed IFP on several occasions. *See e.g., Radford v. Wiley,* 4:06-cv-00819 (E.D. Ark. closed July 25, 2006) (IFP denied and case dismissed)*; Radford v. Evans,* 5:03-cv-00164 (E.D. Ark. closed August 7, 2003) (IFP denied and case dismissed)*; Radford v. Lucas,* 1:07-cv-01033 (W.D. Ark. closed July 9, 2007) (IFP denied and case dismissed).

In this case, Plaintiff has alleged he is currently under imminent danger of serious physical injury. As noted in previous cases, Plaintiff appears to be aware that he has more than the three strikes that trigger the bar of Section 1915 (g) and cannot file this Complaint IFP unless he qualifies for the "imminent danger" exception. In fact, Plaintiff alleges throughout his complaint that he is in "imminent danger." However, the Court disagrees.

Plaintiff's allegations are of past threats and injuries. Plaintiff alleges on August 8, 2007, September 13, 2007, and November 8, 2007 he was threatened. He further alleges excessive force was used against him on September 10, 2007 and November 16, 2007. Allegations of past danger are insufficient; the harm must be occurring when the Complaint is filed. *See Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). The "threat or prison condition [must be] real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002).

There is no indication Plaintiff was in imminent danger of serious physical injury at the time the Complaint was filed on January 24, 2008. *See e.g., Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) ("Frequent filers sometimes allege that they are in imminent danger so they can avoid paying a filing fee. But when they allege only a past injury that has not recurred, courts deny them leave to

proceed IFP."; *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) ("[R]equisite imminent danger must exist at the time the complaint or appeal is filed, not when the alleged wrongdoing occurred. Moreover, the exception focuses on the risk that the conduct complained of threatens continuing or further injury, not whether the inmate deserves a remedy for past misconduct.").

In addition to his claims of injury and danger predating the time of his Complaint, Plaintiff also states he was moved to a different facility – the Union County Criminal Justice Facility on November 19, 2007. Thus, the harm identified by Plaintiff clearly existed at a time in the past, when he was housed at the Ouachita County Jail. Plaintiff is ineligible for IFP status.

Moreover, Plaintiff has not supported his allegations with any documentary or other evidence. The only grievances he has attached involve the issue of drinking water, fear of other inmates, and lack of light, not the alleged physical assaults by Defendants. *See, Ashley*, 147 F.3d at 717 (finding allegations of ongoing danger sufficient where prisoner specified two incidents where he had suffered harm and allegations were supported by documentary evidence, including corroborative prisoner disciplinary reports).[1]

Finally, Plaintiff appears to assert, at least in part, claims which have already been raised and dismissed in his previous cases. *Radford v. Lucas,* 1:07-cv-01033 (W.D. Ark. closed July 9, 2007) (regarding Plaintiff's claim of lack of drinking water).

## CONCLUSION

Accordingly, I recommend that Plaintiff's claims be dismissed without prejudice and his IFP application be denied. Plaintiff is not eligible to proceed IFP because of the application of 28 U.S.C.

---

[1] In *Ashley v. Dilworth,* 147 F.3d 715 (8th Cir. 1998), the Eighth Circuit held that "an otherwise ineligible prisoner is only eligible to proceed IFP if he is in imminent danger at the time of the filing. Allegations that the prisoner has faced imminent danger in the past are insufficient to trigger this exception to § 1915(s) and authorize the prisoner to pay the filing fee on the installment plan." *Id.* at 717.

§ 1915 (g).  Should Plaintiff wish to proceed with this case, he should be advised to file with the Clerk of Court a motion to re-open and submit the statutory filing fee of $350.00.  Upon receipt of the Motion to re-open and full payment of the filing fee, the case will be reopened.

**The parties have ten (10) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636 (b) (1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 30th day of January 2008.

/s/ Barry A. Bryant
HONORABLE  BARRY A.  BRYANT
UNITED STATES MAGISTRATE JUDGE