IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

TOMMY RADFORD                                                                                    PLAINTIFF

VS.                                            CASE NO. 08-CV-1008

CAPTAIN DAVID NORWOOD;
JOE STRICKLAND; TAMMI POOLE;
CHRIS GILL; MARK SPEER;
DETECTIVE FRANKLIN; GLENN
LAMPKINS; and JAKE McCLANE                                                     DEFENDANTS

### ORDER

Before the Court is the Report and Recommendation filed January 31, 2008, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (Doc. No. 4). In response, the Plaintiff has filed another Motion for Leave to Proceed in forma pauperis and Motion for Service on the Defendants. (Doc. Nos. 5 and 6). The time to object having passed, the Court will construe these pleadings as Plaintiff's objections to the Magistrate's findings and recommendations. Thus, the Court finds the matter ripe for consideration.

The Plaintiff, Tommy Radford, is currently an inmate of the Union County Criminal Justice Facility. On January 31, 2008, Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983. The complaint was provisionally filed prior to a determination regarding Plaintiff's status as a pauper and service of process.

In his complaint, Plaintiff alleges that his civil rights were violated while he was housed in the Ouachita County Detention Facility from August to November 2007, by Defendants

Captain David Norwood, Chief Deputy Joe Strickland, Detective Tammi Poole, Detective Franklin, Detective Chris Gill, Jailer Mark Speer, Jailer Glenn Lampkins and Jailer Jake McClane.  He also alleges that in December 2007, while transferred back to Ouachita County for a court appearance, his civil rights were again violated by the Defendants.  Plaintiff claims that he is currently in imminent danger.

In order to file a claim *in forma pauperis* ("IFP"), the Court must determine if the Plaintiff falls within the three strikes provision of 28 U.S.C. § 1915(g).  Under this provision, a Plaintiff who has filed at least three claims that have been dismissed as frivolous, malicious, or for failure to state a claim, is denied IFP status.  The only exception to the three strikes rule is if the Plaintiff is in imminent danger of serious physical injury.  In this case, the Plaintiff has filed three such previous claims and has been denied IFP status on three separate occasions.  Therefore, the three strikes rule applies to him.  However, Plaintiff also alleges that he is currently in imminent danger of physical injury.[1]  He now claims that he has been threatened by the officials at the Union County Jail.

Plaintiff's complaint pertains to conduct by the Defendants while he was housed in the Ouachita County Detention Facility.  These claims were based on past threats and injuries.  There is no indication that Plaintiff was in imminent danger of physical injury from the Ouachita County Defendants at the time his Complaint was filed on January 24, 2008.  In fact, at that time Plaintiff was housed in the Union County Jail.  He was not in imminent danger of physical injury from the Defendants then.  However, he is now claiming that he is imminent danger in Union

---

[1] As noted in previous cases, Plaintiff is aware that he has more than three strikes that trigger the bar of § 1915(g) and cannot file this Complaint IFP unless he qualifies for the "imminent danger" exception.  Therefore, Plaintiff alleges throughout his Complaint that he is in "imminent danger."

County.  The Court does not agree.  There is no evidence to support this allegation.  The only grievances before the Court pertain to alleged conduct by the Defendants at the Ouachita County Jail.  When Plaintiff filed this action in January 2008, he was housed in the Union County Jail.  He made no mention of any threats from Union County officials in his Complaint.[2]  Obviously, the requisite imminent danger did not exist at the time the complaint was filed.  Therefore, Plaintiff is ineligible for IFP status.

Accordingly, the Court hereby adopts *in toto* the Magistrate Judge's findings and recommendations.  Plaintiff's IFP application is hereby denied and his claims are dismissed without prejudice.  Should Plaintiff wish to proceed with this case, he should file a motion to re-open with the Clerk of the Court and submit the statutory fee of $350.00.  Upon receipt of the motion to re-open and full payment of the statutory filing fee, the case will be re-opened.

IT IS SO ORDERED, this 3rd day of March, 2008.

    /s/Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge

---

[2] These allegation were made only after the Magistrate Judge recommended that Plaintiff's IFP application be denied and his complaint dismissed.