**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**EL DORADO DIVISION**

TOMMY RADFORD                                                                                     PLAINTIFF

v.                                              Civil No.  1:08-cv-1008

CAPTAIN DAVID NORWOOD *et al*                                                           DEFENDANTS

<u>**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**</u>

Tommy Radford, currently an inmate in the Maximum Security Unit of the Arkansas Department of Correction in Tucker, Arkansas, filed this civil rights action under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Harry F. Barnes, United States District Judge, referred this case the undersigned for the purpose of making a report and recommendation.

Now before this Court is Plaintiff's Motion to Extend Time (Doc. 92) and separate Defendants' Motion to Dismiss filed by Defendants Thomas and Baker.  (Doc. 94).  After considering the briefing in this case, this Court recommends Plaintiff's Motion to Extend Time be **DENIED** and separate Defendants' Motion to Dismiss be **DENIED**.

**1. <u>Background</u>**

On January 24, 2008, Plaintiff filed his original complaint against eight of the Defendants, alleging he had "been continuously subjected to imminent danger while housed and being escorted from the courthouse." (Doc. 1).  Plaintiff also alleged that one or more of the Defendants at different times deprived him of water, shot him with a taser gun, denied him medical attention, retaliated against him for writing grievances, and committed other acts.  *See id.*  On January 31, 2008,

Plaintiff's case was dismissed without prejudice because Plaintiff had not paid the filing fee and could not obtain IFP status under the "three strikes rule" in 28 U.S.C. § 1915(g).  (Doc. 7).

Thereafter, Plaintiff paid his filing fee and filed a motion to reopen his case.  (Doc. 8).  This motion was granted, and Plaintiff's case was reopened.  (Doc. 9).  On March 28, 2008, this Court directed Plaintiff to complete and return an addendum to his complaint in order to determine whether his complaint could be served.  (Doc. 12).  This Court gave Plaintiff until April 28, 2008 to complete this addendum.  *See id.*  On April 24, 2008, Plaintiff filed his responses to this addendum, and on April 25, 2008, this Court entered an order directing service on eight of the Defendants.  (Docs. 13-14).  Those eight Defendants were the following: Captain David Norwood, Joe Strickland, Tammi Poole, Chris Gill, Mark Speer, Detective Franklin, Glenn Lampkins, and Jake McClane.  On June 18, 2008, those Defendants filed an answer and asserted several affirmative defenses.[1]  (Doc. 23).

On May 21, 2009, separate Defendants Jerry Thomas and Brian Baker filed a Motion to Compel.  (Doc. 68).  With that motion, those Defendants sought to compel responses to the discovery requests they sent to Plaintiff on March 26, 2009.  (Doc. 68).  On September 8, 2009, this Court entered a order compelling Plaintiff's responses to those discovery requests.  (Doc. 73).  Plaintiff was given until 5:00 PM on October 5, 2009 to provide his responses to Defendants' discovery requests.  *See id.*  On October 13, 2009, Plaintiff filed a motion to extend time to respond to those discovery requests and claimed he never received those requests and never received Defendants' motion to compel.  (Doc. 78).  Defendants Thomas and Baker responded to this motion to extend time and requested that this Court deny Plaintiff's motion and dismiss his case for failure to prosecute and to comply with this Court's order.  (Doc. 80).

---

[1]Plaintiff later added five more Defendants: Justin Smith, Bobby Ray Smith, Larry Brazzelle, Jailer Baker, and Jerry Thomas.  (Doc. 51).

On October 16, 2009, this Court granted Plaintiff's motion to extend time and stated Plaintiff had until November 16, 2009 at 5:00 PM to provide Defendants Thomas and Baker with his responses to their discovery requests. (Doc. No. 83). In that order, this Court also stated the following: "Failure to do so [provide discovery responses] may result in the dismissal of Plaintiff's case." *See id.* Thereafter, on October 30, 2009 and November 4, 2009, Plaintiff filed two separate motions requesting additional copies of Defendants' discovery requests. (Docs. 87-88). With these motions, he claimed he never received the discovery requests, and, as such, could not respond to those requests. *See id.* In response to Plaintiff's request, this Court *again* accommodated Plaintiff, ordered Defendants Thomas and Baker to send additional copies of these discovery requests to Plaintiff, and permitted Plaintiff until December 1, 2009 at 5:00 PM to respond. (Doc. 89). In that order, this Court again restated the following: "Failure to respond to Defendants' discovery may result in the dismissal of Plaintiff's case." *Id.*

On November 9, 2009, Defendants Thomas and Baker submitted that they had complied with this Court's order and had provided additional copies of discovery to Plaintiff. (Doc. 91). On November 12, 2009, Plaintiff again filed a motion for extension of time, claiming he never received the discovery requests of Defendants Thomas and Baker. (Doc. 92). With this motion, Plaintiff requested *another* thirty-day extension. *See id.* In response to this motion, Defendants Thomas and Baker filed a second motion to dismiss. (Doc. 94). In their motion, Defendants Thomas and Baker request this Court dismiss Plaintiff's case against them due to Plaintiff's "failure to prosecute this action and failure to obey an order of the Court." Both Plaintiff's Motion to Extend Time (Doc. 92) and separate Defendants' Motion to Dismiss (Doc. 94) are now before this Court.

## 2. Applicable Law

Pursuant to Federal Rule of Civil Procedure 37(b)(2), this Court is authorized to sanction a party when that party fails to obey a discovery order. One of the sanctions authorized is "dismissing the action or proceeding in whole or in part." FED. R. CIV. P. 37(b)(2)(v).

In the Eighth Circuit, a court should only impose the extreme sanction of dismissing a case in limited circumstances. In order to impose this sanction under Rule 37, the following three requirements must be met: (1) an order compelling discovery; (2) a willful violation of that order; and (3) prejudice to the other party. *See Mems v. City of St. Paul, Dept. of Fire and Safety Serv.,* 327 F.3d 771, 779 (8th Cir. 2003) (citation omitted).

## 3. Discussion

In the present action and as outlined above, this Court has repeatedly accommodated Plaintiff and, on two separate occasions, has extended Plaintiff's time to respond to these discovery requests. (Docs. 83, 89). This Court has even ordered Defendants Thomas and Baker to send additional copies of their discovery requests to Plaintiff. *See id.* This Court will not grant a third extension and denies Plaintiff's request for a third extension. Further, this Court is inclined to exercise its authority under Federal Rule of Civil Procedure 37(b) to recommend dismissal of Plaintiff's case against Defendants Thomas and Baker due to his repeated failure to respond to their discovery requests.

However, in reviewing the three requirements outlined in *Mems,* this Court cannot order dismissal at this time. As noted above, there are three requirements for sanctions to be entered pursuant to Rule 37. First, there must be an order compelling discovery. *See Mems,* 327 F.3d at 779. On September 8, 2009, this Court entered an order compelling discovery. (Doc. 73). Thus, the first requirement of *Mems* is met. Second, there must be a willful violation of that order. *See Mems,* 327

F.3d at 779. Based upon Defendants' demonstration that they sent Plaintiff these discovery responses in November of 2009 (Doc. 91) and Plaintiff's acknowledgment that he has received these discovery requests and has not responded, there is little dispute that Plaintiff has willfully failed to comply with this Court's order. (Docs. 93, 95). Thus, the second requirement is met.

Third and finally, Defendants Thomas and Baker must demonstrate prejudice. *See Mems,* 327 F.3d at 779. While it is clear Plaintiff has not responded to these discovery requests *for over a year*, Defendants Thomas and Baker have not demonstrated that this delay has prejudiced them. There is no indication that there is upcoming deadline or trial setting that would burden Defendants due to this delay. The only prejudice these Defendants claim is that Plaintiff has attempted to "deliberately delay the discovery process." (Doc. 94). Such "prejudice" is simply not sufficient to dismiss Plaintiff's case, and, under these facts, this Court cannot dismiss Plaintiff's case for his failure to respond to these discovery requests. However, this Court finds that if Plaintiff further delays in responding to these requests, there may be sufficient prejudice to Defendants Thomas and Baker for this Court to recommend dismissal.

## 4. <u>Conclusion</u>

Accordingly, Plaintiff's Motion for Extension of Time is **DENIED**. (Doc. 92). Further, it is the Report and Recommendation of the undersigned that separate Defendants Thomas and Baker's Motion to Dismiss (Doc. 94) be **DENIED**. It is recommended that Plaintiff be ordered to immediately provide his complete responses to Defendants' propounded discovery upon his receipt of any Order adopting this Report and Recommendation. Plaintiff cannot delay his responses due to the fact that he has not received discovery responses from Defendants.[2] Plaintiff should be advised

---

[2] It appears Plaintiff has propounded discovery on Defendants and will not respond to *their* requests until he receives responses to *his* requests. (Doc. 93).

that any further withholding of discovery from Defendants may result in dismissal of his case.

The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636 (b) (1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

**IT IS SO ORDERED** this 26th **day of April 2010.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

-6-