IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

**TOMMY RADFORD**                                                                                    **PLAINTIFF**

v.                                            Civil No. 1:08-cv-1008

**CAPTAIN DAVID NORWOOD** *et al*                                                **DEFENDANTS**

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Tommy Radford, currently an inmate in the Maximum Security Unit of the Arkansas Department of Correction in Tucker, Arkansas, filed this civil rights action under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Harry F. Barnes, United States District Judge, referred this case the undersigned for the purpose of making a report and recommendation.

Now before this Court is the Motion to Dismiss filed by Defendants Baker and Thomas. (Doc. 104). The Court has also considered the Affidavit/Response filed by Plaintiff (Doc. 105) and the Reply of Baker and Thomas to Plaintiff's Affidavit. (Doc. 106).

**I.      Background**

On January 24, 2008, Plaintiff filed his original complaint against eight of the Defendants, alleging he had "been continuously subjected to imminent danger while housed and being escorted from the courthouse." (Doc. 1). Plaintiff also alleged that one or more of the Defendants at different times deprived him of water, shot him with a taser gun, denied him medical attention, retaliated against him for writing grievances, and committed other acts. *See id.* On January 31, 2008, Plaintiff's case was dismissed without prejudice because Plaintiff had not paid the filing fee and could not obtain IFP status under the "three strikes rule" in 28 U.S.C. § 1915(g). (Doc. 7).

Thereafter, Plaintiff paid his filing fee and filed a motion to reopen his case. (Doc. 8). This motion was granted, and Plaintiff's case was reopened. (Doc. 9). On March 28, 2008, this Court directed Plaintiff

to complete and return an addendum to his complaint in order to determine whether his complaint could be served. (Doc. 12). This Court gave Plaintiff until April 28, 2008 to complete this addendum. *See id.* On April 24, 2008, Plaintiff filed his responses to this addendum, and on April 25, 2008, this Court entered an order directing service on eight of the Defendants. (Docs. 13-14). Those eight Defendants were the following: Captain David Norwood, Joe Strickland, Tammi Poole, Chris Gill, Mark Speer, Detective Franklin, Glenn Lampkins, and Jake McClane. On June 18, 2008, those Defendants filed an answer and asserted several affirmative defenses.[1] (Doc. 23).

On May 21, 2009, separate Defendants Jerry Thomas and Brian Baker filed a Motion to Compel. (Doc. 68). With that motion, those Defendants sought to compel responses to the discovery requests they sent to Plaintiff on March 26, 2009. (Doc. 68). On September 8, 2009, this Court entered a order compelling Plaintiff's responses to those discovery requests. (Doc. 73). Plaintiff was given until 5:00 PM on October 5, 2009 to provide his responses to Defendants' discovery requests. *See id.* On October 13, 2009, Plaintiff filed a motion to extend time to respond to those discovery requests and claimed he never received those requests and never received Defendants' motion to compel. (Doc. 78). Defendants Thomas and Baker responded to this motion to extend time and requested that this Court deny Plaintiff's motion and dismiss his case for failure to prosecute and to comply with this Court's order. (Doc. 80).

On October 16, 2009, this Court granted Plaintiff's motion to extend time and stated Plaintiff had until November 16, 2009 at 5:00 PM to provide Defendants Thomas and Baker with his responses to their discovery requests. (Doc. No. 83). In that order, this Court also stated the following: "Failure to do so [provide discovery responses] may result in the dismissal of Plaintiff's case." *See id.* Thereafter, on October 30, 2009 and November 4, 2009, Plaintiff filed two separate motions requesting additional copies of Defendants' discovery requests. (Docs. 87-88). With these motions, he claimed he never received the discovery requests,

---

[1]Plaintiff later added five more Defendants: Justin Smith, Bobby Ray Smith, Larry Brazzelle, Jailer Baker, and Jerry Thomas. (Doc. 51).

and, as such, could not respond to those requests. *See id.* In response to Plaintiff's request, this Court *again* accommodated Plaintiff, ordered Defendants Thomas and Baker to send additional copies of these discovery requests to Plaintiff, and permitted Plaintiff until December 1, 2009 at 5:00 PM to respond. (Doc. 89). In that order, this Court again restated the following: "Failure to respond to Defendants' discovery may result in the dismissal of Plaintiff's case." *Id.*

On November 9, 2009, Defendants Thomas and Baker submitted that they had complied with this Court's order and had provided additional copies of discovery to Plaintiff. (Doc. 91). On November 12, 2009, Plaintiff again filed a motion for extension of time, claiming he never received the discovery requests of Defendants Thomas and Baker. (Doc. 92). With this motion, Plaintiff requested *another* thirty-day extension. *See id.* In response to this motion, Defendants Thomas and Baker filed a second motion to dismiss. (Doc. 94). In their motion, Defendants Thomas and Baker request this Court dismiss Plaintiff's case against them due to Plaintiff's "failure to prosecute this action and failure to obey an order of the Court." On April 26, 2010, the undersigned entered a Report and Recommendation, recommending that Plaintiff be given no further extension of time, and that his answers to the discovery of Defendants Thomas and Baker were due immediately. (Doc. 101). Also, the undersigned recommended the Motion to Dismiss be denied to allow Plaintiff to send his discovery responses. *Id.* On May 18, 2010, the Report and Recommendation of the undersigned was adopted by the district judge, without objection. (Doc. 103).

Within a month, on June 9, 2010, Defendants Baker and Thomas *again* filed a Motion to Dismiss, stating that as of that date they *still* had not received the answers to discovery which had been compelled by this Court on more than one occasion. (Doc. 104). Plaintiff responded to this Motion to Dismiss on June 22, 2010 with an Affidavit. (Doc. 105). This Affidavit states Plaintiff "mailed out two separate Motions and answered discovery requests on April 12, 2010 and on May 24, 2010." *Id.* With this Affidavit, Plaintiff provided Exhibit A (Doc. 105-1) which appears to be his inmate account statement and shows that on April 12, 2010 Plaintiff was charged $0.61 for "legal postage." (Doc. 105-1). Exhibit B, also provided by Plaintiff

with his Affidavit, is entitled "Arkansas Department of Correction Inmate Trust Fund Account Personal Withdrawal Request" and is stamped "Received Max Unit May 24, 2010." (Doc. 105-2). The form is also dated May 24, 2010 on the line provided for "Date of Request." *Id.* The amount of request is $0.44 and the "Purpose of Withdrawal Request" is "legal letter (postage of 44¢ to U.S.D.C.)  mailed."

On June 24, 2010 Defendants Thomas and Baker filed a Response to Plaintiff's Affidavit.  (Doc. 106). Defendants state the charge to Plaintiff's inmate account for legal mail and the withdrawal for postage to the United States District Court does not show Plaintiff was attempting to provide discovery to Defendants. *Id.* Moreover, Defendants did not receive any mail from Plaintiff in the month of May, 2010. *Id.* Defendants state their discovery request first sent on March 26, 2009 is still pending with Plaintiff despite sending Plaintiff additional copies, and the Court allowing Plaintiff additional time to respond. *Id.*

## II. Applicable Law

Pursuant to Federal Rule of Civil Procedure 37(b)(2), this Court is authorized to sanction a party when that party fails to obey a discovery order. One of the sanctions authorized is "dismissing the action or proceeding in whole or in part." FED. R. CIV. P. 37(b)(2)(v).

In the Eighth Circuit, a court should only impose the extreme sanction of dismissing a case in limited circumstances. In order to impose this sanction under Rule 37, the following three requirements must be met: (1) an order compelling discovery; (2) a willful violation of that order; and (3) prejudice to the other party. *See Mems v. City of St. Paul, Dept. of Fire and Safety Serv.,* 327 F.3d 771, 779 (8th Cir. 2003) (citation omitted).

## III. Discussion

In the present action and as outlined above, this Court has repeatedly accommodated Plaintiff and, on two separate occasions, has extended Plaintiff's time to respond to these discovery requests. (Docs. 83, 89). This Court has even ordered Defendants Thomas and Baker to send additional copies of their discovery requests to Plaintiff. *See id.* This Court also indicated in the Report and Recommendation following

Defendants Thomas and Baker's previous Motion to Dismiss that this Court is inclined to exercise its authority under Federal Rule of Civil Procedure 37(b) to recommend dismissal of Plaintiff's case against Defendants Thomas and Baker due to his repeated failure to respond to their discovery requests. (Doc. 101). However, at the time of the previous Motion to Dismiss, the Court did not find sufficient prejudice existed to warrant dismissal of the case due to Plaintiff's failure to respond to discovery. The Court no longer finds such a lack of prejudice exists.

As noted above and in the previous order of the Court, there are three requirements for sanctions to be entered pursuant to Rule 37. First, there must be an order compelling discovery. *See Mems,* 327 F.3d at 779. On September 8, 2009, this Court entered an order compelling discovery. (Doc. 73). Thus, the first requirement of *Mems* is met. Second, there must be a willful violation of that order. *See Mems,* 327 F.3d at 779. Based upon Defendants' demonstration that they sent Plaintiff these discovery responses in November of 2009 (Doc. 91) and Plaintiff's acknowledgment that he has received these discovery requests and has not responded, there is little dispute that Plaintiff has willfully failed to comply with this Court's order. (Docs. 93, 95).

While Plaintiff states he has provided "proof" that he attempted to mail the responses to discovery on April 12, 2010 and May 24, 2010, the information provided fails to show Plaintiff was attempting to respond to Defendants Thomas and Bakers' discovery requests. Plaintiff's Exhibit A is dated April 12, 2010, and shows a deduction from his inmate account for legal postage. At the most, Plaintiff has shown he purchased legal postage from his institution of incarceration on April 12, 2010. He has not shown when or in what manner he utilized this postage, if it was indeed utilized at all. This Court notes the undersigned did not enter the Report and Recommendation regarding Plaintiff's Motion for Extension of Time (doc. 101) until April 26, 2010, thus it is not likely Plaintiff was responding to discovery while his Motion for Extension of Time to so respond was still pending with the Court.

Plaintiff's Exhibit B also shows a withdrawal for postage from Plaintiff's inmate account. However,

this postage was for a mail sent to the "U.S.D.C.," which is a common abbreviation for the United States District Court. This Court received nothing from the Plaintiff until almost a month later, on June 22, 2010, when Plaintiff filed his Affidavit in response to Defendant Thomas and Bakers' Motion to Dismiss. (Doc. 104). Further, responses to discovery would not be sent to the United States District Court, but would be sent to the Defendants themselves, as is established by the Federal Rules of Civil Procedure and as ordered in the previous Orders of the Court. *See* docs. 101, 83, and 89. Accordingly, the Exhibit B is unpersuasive to the Court to show Plaintiff was attempting to respond to the discovery requests. Moreover, Plaintiff has also failed to account for why his responses were never received by the Defendants if he indeed sent them on two occasions. Thus, the second requirement is met.

Third and finally, Defendants Thomas and Baker must demonstrate prejudice. *See Mems,* 327 F.3d at 779. The Court finds prejudice has been established and dismissal of Plaintiff's complaint against Defendants Thomas and Baker, with prejudice, is warranted.

Courts in this circuit attempt to balance the egregiousness of the plaintiff's conduct against the severity of the sanction of dismissal, weighing the adverse effect of the plaintiff's conduct on the defendant and the administration of justice against the consequence of extinguishing a litigant's claim. *See, e.g., Doe v. Cassel*, 403 F.3d 986, 990 (8th Cir. 2005). A finding of bad faith is not required, but rather the court must determine if the plaintiff acted intentionally, as opposed to accidentally or involuntarily. *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000). A finding of prejudice is proper if the failure to participate in discovery "impairs an opponent's ability to determine the factual merits of a party's claim." *In re O'Brien*, 351 F.3d 832, 839 (8th Cir. 2003).

A finding of intentional or willful conduct justifying dismissal is dependent upon the particular facts of a given case. Courts have found a variety of conduct sufficiently willful to justify dismissal, including the willful failure to answer interrogatories, *Fox v. Studebaker-Worthington, Inc.*, 516 F.2d 989, 993 (8th Cir. 1975), conduct exhibiting a pattern of intentional delay, *Fletcher v. Southern Farm Bureau Life Ins. Co.*, 757

F.2d 953, 956 (8th Cir. 1985), a persistent failure to respond to discovery requests and disregard of a court's order requiring the production of discovery responses, *Edina Couriers, LLC v. UPS Mail Innovations*, 06-CV-2137 (PAM/JSM), 2008 WL 80000 (D. Minn. Jan. 4, 2008), and failure to comply with an order for a deposition, *Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994). While courts exercise caution in dismissing the claims of *pro se* plaintiffs, and *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, *pro se* plaintiffs are not excused from complying with court orders. *Leach v. Waterway Car Wash*, 217 Fed. Appx. 571 (8th Cir. 2007) (affirming dismissal of complaint pursuant to Rule 41(b), but finding that plaintiff's conduct did not arise to level of willful disobedience or intentional delay, the court modified the dismissal to be without prejudice).

It is the recommendation of the undersigned that prejudice has been established as to Defendants Thomas and Baker due to Plaintiff's continued unwillingness to obey Orders of this Court to complete discovery and that Defendants Thomas and Baker have been, and continue to be, impaired in their ability to determine the factual merits of Plaintiff's claims.

**IV.    Conclusion**

Accordingly, it is the Report and Recommendation of the undersigned that separate Defendants Thomas and Baker's Motion to Dismiss (doc. 104) be **GRANTED** and **Plaintiff's Complaint (doc. 1) and Addendum/Supplement to the Complaint (doc. 43) be DISMISSED with prejudice as to Defendants Thomas and Baker.**

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636 (b) (1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**IT IS SO ORDERED** this 29th **day of June 2010.**

                                                /s/   Barry A. Bryant
                                                HON. BARRY A. BRYANT
                                                U.S. MAGISTRATE JUDGE