IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

TOMMY RADFORD                                                                            PLAINTIFF

v.                                                Civil No.  1:08-cv-1008

BOBBY JOE JOHNSON *et al*                                          DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

      Tommy Radford, currently an inmate in the Maximum Security Unit of the Arkansas Department of Correction in Tucker, Arkansas, filed this civil rights action under 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Robert T. Dawson, United States District Judge, referred this case the undersigned for the purpose of making a report and recommendation.

      Now before this Court is the Motion to Dismiss filed by Defendant Bobby Joe Johnson.  ECF No. 133.  The Court has also considered the Memorandum Brief in Support of this motion, ECF No. 134.  Plaintiff has filed no response to the Motion to Dismiss.

      **I.**       **Background**

      On January 24, 2008, Plaintiff filed his original complaint against eight of the Defendants, alleging he had "been continuously subjected to imminent danger while housed and being escorted from the courthouse."  ECF No.1.  Plaintiff also alleged that one or more of the Defendants at different times deprived him of water, shot him with a taser gun, denied him medical attention, retaliated against him for writing grievances, among other acts.  *See id.*  On January 31, 2008, Plaintiff's case was dismissed without prejudice because Plaintiff had not paid the filing fee and could not obtain IFP status under the "three strikes rule" in 28 U.S.C. § 1915(g).  ECF No. 7.

      Thereafter, Plaintiff paid his filing fee and filed a motion to reopen his case.  ECF No. 8.  This motion was granted, and Plaintiff's case was reopened.  ECF No. 9.  On March 28, 2008, this Court directed Plaintiff to complete and return an addendum to his complaint in order to determine whether his complaint could be

served. ECF No. 12. This Court gave Plaintiff until April 28, 2008 to complete this addendum. *See id.* On April 24, 2008, Plaintiff filed his responses to this addendum, and on April 25, 2008, this Court entered an order directing service on eight of the Defendants. ECF Nos. 13-14. Those eight Defendants were the following: Captain David Norwood, Joe Strickland, Tammi Poole, Chris Gill, Mark Speer, Detective Franklin, Glenn Lampkins, and Jake McClane. On June 18, 2008, those Defendants filed an answer and asserted several affirmative defenses.[1] ECF No. 23.

On May 21, 2009, separate Defendants Jerry Thomas and Brian Baker filed a Motion to Compel. ECF No. 68. With that motion, those Defendants sought to compel responses to the discovery requests they sent to Plaintiff on March 26, 2009. *Id.* On September 8, 2009, this Court entered a order compelling Plaintiff's responses to those discovery requests. ECF No. 73. Plaintiff was given until 5:00 PM on October 5, 2009 to provide his responses to Defendants' discovery requests. *See id.* On October 13, 2009, Plaintiff filed a motion to extend time to respond to those discovery requests and claimed he never received those requests and never received Defendants' motion to compel. ECF No. 78. Defendants Thomas and Baker responded to this motion to extend time and requested that this Court deny Plaintiff's motion and dismiss his case for failure to prosecute and to comply with this Court's order. ECF No. 80.

On October 16, 2009, this Court granted Plaintiff's motion to extend time and stated Plaintiff had until November 16, 2009 at 5:00 PM to provide Defendants Thomas and Baker with his responses to their discovery requests. ECF No. 83. In that order, this Court also stated the following: "[f]ailure to do so [provide discovery responses] may result in the dismissal of Plaintiff's case." *See id.* Thereafter, on October 30, 2009 and November 4, 2009, Plaintiff filed two separate motions requesting additional copies of Defendants' discovery requests. ECF Nos. 87-88. With these motions, he claimed he never received the discovery requests, and, as such, could not respond to those requests. *See id.* In response to Plaintiff's request, this Court *again*

---

[1] Plaintiff later added five more Defendants: Justin Smith, Bobby Ray Smith, Larry Brazzelle, Jailer Baker, and Jerry Thomas. ECF No. 51.

accommodated Plaintiff, ordered Defendants Thomas and Baker to send additional copies of these discovery requests to Plaintiff, and permitted Plaintiff until December 1, 2009 at 5:00 PM to respond.  ECF No. 89.  In that order, this Court again restated the following: "[f]ailure to respond to Defendants' discovery may result in the dismissal of Plaintiff's case."  *Id.*

On November 9, 2009, Defendants Thomas and Baker submitted that they had complied with this Court's order and had provided additional copies of discovery to Plaintiff.  ECF No. 91.  On November 12, 2009, Plaintiff again filed a motion for extension of time, claiming he never received the discovery requests of Defendants Thomas and Baker.  ECF No. 92.  With this motion, Plaintiff requested *another* thirty-day extension.  *See id.*  In response to this motion, Defendants Thomas and Baker filed a second motion to dismiss.  ECF No. 94.  In their second motion, Defendants Thomas and Baker request this Court dismiss Plaintiff's case against them due to Plaintiff's "failure to prosecute this action and failure to obey an order of the Court."  On April 26, 2010, the undersigned entered a Report and Recommendation, recommending that Plaintiff be given no further extension of time, and that his answers to the discovery of Defendants Thomas and Baker were due immediately.  ECF No. 101.  Also, the undersigned recommended the Motion to Dismiss be denied to allow Plaintiff to send his discovery responses.  *Id.*  On May 18, 2010, the Report and Recommendation of the undersigned was adopted by the district judge, without objection.  ECF No. 103.

Within a month, on June 9, 2010, Defendants Baker and Thomas *again* filed a Motion to Dismiss, stating that as of that date they *still* had not received the answers to discovery which had been compelled by this Court on more than one occasion.  ECF No. 104.  Plaintiff responded to this Motion to Dismiss on June 22, 2010 with an Affidavit.  ECF No. 105.  On June 29, 2010, this Court recommended the Motion to Dismiss be granted, ECF No. 107, and that Report and Recommendation was adopted by the district judge on July 26, 2010, dismissing Defendants Thomas and Baker.  ECF No. 113.

On September 3, 2010, separate Defendants Gill, Lampkins, McClane, Norwood, Smith, Speer, and Strickland filed a Motion to Compel.  ECF No. 114.  These defendants stated that on July 1, 2010,

Interrogatories and Requests for Production were sent to the Plaintiff, including a medical record authorization. ECF No. 114-1. On August 12, 2010, these Defendants had not received responses to this discovery and further inquired with Plaintiff via letter, regarding these requests. ECF No. 114-2. Plaintiff was asked to respond within ten days, and was advised his failure to respond would result in a Motion to Compel being filed by these Defendants. *Id.* Plaintiff did not respond to the Motion to Compel filed by separate Defendants Gill, Lampkins, McClane, Norwood, Smith, Speer, and Strickland.

On October 28, 2010, this Court granted the Motion to Compel filed by Defendants Gill, Lampkins, McClane, Norwood, Smith, Speer, and Strickland. ECF No. 117. Plaintiff was to comply with discovery requests from these separate Defendants on or before 5:00 PM on November 26, 2010. *Id.*

Plaintiff filed a Motion for Copies, indicating he had sent items to the United States District Court and would like to receive a copy of those items. ECF No. 119. This Court responded that no such items had been received by the Court, and that the deadlines for complying with discovery remained in effect and any failure to respond to the discovery as ordered would result in a recommendation from the undersigned that Plaintiff's case be dismissed as to Defendants Gill, Lampkins, McClane, Norwood, Smith, Speer, and Strickland. ECF No. 120.

The Motion to Dismiss filed by Gill, Lampkins, McClane, Norwood, Smith, Speer, and Strickland, was filed on December 20, 2010. ECF No. 122. These defendants state they received some of the compelled discovery from Plaintiff on November 9, 2010, but it was incomplete. *Id.* Defendants state Plaintiff refused to provide the names and addresses of all healthcare providers and objected on the grounds of medical privacy rights and HIPPA. *Id.* Defendants responded to Plaintiff on November 16, 2010, requesting Plaintiff produce the names and addresses of his healthcare providers and produce executed medical authorizations for those providers. *Id.* Plaintiff did not produce the names and addresses or the executed medical authorizations and Defendants filed the Motion to Dismiss. *Id.*

Plaintiff did not respond to the Motion to Dismiss, but did file a Motion for Protective Order, ECF No.

124, on December 21, 2010, which was denied by this Court on December 28, 2010.  ECF No.  128.

This Court entered an Order directing Defendants to file a Motion for Summary Judgment on or before January 6, 2011.  ECF No.  121.  Separate Defendants Brazzelle[2], Gill, Johnson, Lampkins, McClane, Norwood, Smith, Speer and Strickland then filed a Motion for Extension of Time to file their Motion for Summary Judgment, stating Plaintiff had complied with their discovery request by providing a medical authorization on December 29, 2010, and Defendants required an additional sixty days to receive requested medical records.  ECF No.  129.

On January 28, 2011, ECF No.  130, the undersigned entered a report and recommendation, with the recommendation that the Motion to Dismiss filed by Lampkins, Gill, Norwood, Smith, Speer, Strickland, and McClane be granted due to Plaintiff's failure to comply with discovery.  Bobby Joe Johnson, although represented by the same counsel and similarly situated to these other Ouachita County Defendants, had not joined in the Motion to Dismiss, and therefore was not dismissed as a defendant when the Report and Recommendation of the undersigned was adopted by the district court judge on February 17, 2011.  ECF No.  132.

Defendant Johnson comes now in his Motion to Dismiss, and states that the same rationale applied to the other Ouachita County Defendants is applicable to him regarding Plaintiff's failure to comply with discovery requests.  Specifically, Johnson states he joined the other Ouachita County defendants in their discovery requests and the failure of Plaintiff to respond to these discovery requests caused him similar harm and inability to file a Motion for Summary Judgment.  Defendant Johnson stated that his exclusion from the previous motion was "inadvertent[]."  ECF No.  140.

**II.      Applicable Law**

Pursuant to Federal Rule of Civil Procedure 37(b)(2), this Court is authorized to sanction a party when

---

[2] Defendant Larry Brazzelle was served on November 9, 2010, and filed an Answer to the Complaint on December 23, 3010.

that party fails to obey a discovery order. One of the sanctions authorized is "dismissing the action or proceeding in whole or in part." FED. R. CIV. P. 37(b)(2)(v).

In the Eighth Circuit, a court should only impose the extreme sanction of dismissing a case in limited circumstances. In order to impose this sanction under Rule 37, the following three requirements must be met: (1) an order compelling discovery; (2) a willful violation of that order; and (3) prejudice to the other party. *See Mems v. City of St. Paul, Dept. of Fire and Safety Serv.,* 327 F.3d 771, 779 (8th Cir. 2003) (citation omitted).

### III. Discussion

This Court finds no difference between the analysis applied to Defendants Brazzelle, Lampkins, Gill, Norwood, Speer, Strickland, and McClane, and the analysis that should be applied to Defendant Johnson. Accordingly, for the reasons stated in the prior Report and Recommendation regarding the other Ouachita County Defendants, ECF No. 130, which is adopted as if set forth fully herein, the undersigned recommends that defendant Johnson be dismissed from the above-styled case.

### IV. Conclusion

Accordingly, it is the Report and Recommendation of the undersigned that separate Defendant Bobby Joe Johnson's Motion to Dismiss, ECF No. 133, be **GRANTED** and **Plaintiff's Complaint, ECF No. 1, and Addendum/Supplement to the Complaint, ECF No. 43, be DISMISSED with prejudice as to Defendant Bobby Joe Johnson.**

**It is further recommended that upon any adoption of this Report and Recommendation, that the Motion for Extension of Time, ECF No. 129, and the Motion of Extension of Time, ECF No. 140, be denied as moot.**

The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636 (b) (1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both

**timely and specific to trigger de novo review by the district court.**

      **DATED** this **14th day of March 2011.**

/s/   Barry A. Bryant<br>
HON. BARRY A. BRYANT<br>
U.S. MAGISTRATE JUDGE