IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

TOMMY RADFORD                                                                                    PLAINTIFF

v.                                               Civil No.  1:08-cv-1008

TAMMI POOLE *et al*                                                                           DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Tommy Radford, currently an inmate in the Maximum Security Unit of the Arkansas Department of Correction in Tucker, Arkansas, filed this civil rights action under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Robert T. Dawson, United States District Judge, referred this case the undersigned for the purpose of making a report and recommendation.

Now before this Court is the Motion for Summary Judgment, ECF No. 135.  The Court has also considered the Memorandum Brief in Support, ECF No. 136.  The Court also propounded to the Plaintiff a questionnaire, ECF No. 139, to serve as the response to the Motion for Summary Judgment.  Plaintiff has completed this questionnaire, and the Court has considered it as Plaintiff's response to the Motion for Summary Judgment.  ECF No. 141.

**I.     Background**

On January 24, 2008, Plaintiff filed his original complaint against eight of the Defendants, alleging he had "been continuously subjected to imminent danger while housed and being escorted from the courthouse." ECF No.1.  Specific to Defendants Poole and Franklin, Plaintiff is suing these defendants in both their individual and official capacities.  ECF No. 141, ¶ 1.  As this matter is before the Court on Defendant Poole and Franklins' Motion for Summary Judgment, the Court will state

the facts as pled by the non-moving party, the Plaintiff.

On January 5, 2007, Plaintiff was arrested on the charge of rape. ECF No. 141, ¶ 2. Plaintiff believed Poole and Franklin were the detectives who obtained the arrest warrant on his charge. *Id.* On August 7, 2007, Plaintiff was arrested on the charges of sexual assault in the second degree and violating the terms and conditions of his parole from the Arkansas Department of Correction where he was imprisoned on the charge of murder in the second degree. *Id.* at ¶ 3. Defendant Poole was the detective who worked that case and was present at Plaintiffs first appearance on that charge. *Id.* Following Plaintiff's January and August 2007 arrests, Plaintiff was housed and detained for a period of time at the Ouachita County Jail, which is operated by the Ouachita County Sheriff's Office. *Id.* at ¶ 4. Defendants Poole and Franklin are employed by the Camden Police Department. ECF No. 141, ¶ 6.

Plaintiff alleges that on August 8, 2007, Defendant Poole "threatened to brutally assault me, once I was returned back to my cell" ECF No. 1, at 5, and that Defendant Poole also "threatened to assault me in handcuffs." ECF No. 43, at 5.

Plaintiff's claims against Defendant Franklin are that on November 16, 2007, Franklin slapped Plaintiff, hit him in the stomach, and kicked him, without reason and while Plaintiff was restrained. ECF No. 1, at 9-10. Plaintiff also indicates that Defendant Franklin assaulted Plaintiff on Defendant Poole's behalf. ECF No. 43, at 5. However, in his response to the Motion for Summary Judgment, Plaintiff states he "is not sure if it was Franklin who assaulted me on November 16, 2007." ECF No. 141, ¶ 8.

Defendant Franklin has asserted that since he works for the Camden Police Department, his presence at the Ouachita County Jail was limited. ECF No. 137. Moreover, Defendant Franklin

states he was picking up his children from school during the time of the alleged assault on November 16, 2007, and thus was not on duty, or even present at the Ouachita County Jail, during the incident in question. *Id.*

## II. Applicable Law

Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56 (c). The court views the evidence and the inferences which may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *See Adkison v. G.D. Searle & Co.*, 971 F.2d 132, 134 (8th Cir. 1992). The moving party has the burden of showing the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## III. Discussion

### A. Official Capacity Claims

In his Response to the Motion for Summary Judgment, ECF No. 141, Plaintiff states the custom or policy leading to the violation of his constitutional rights was "their actions of force that they used on plaintiff entitled me to relief from such excessive unjustified force." *Id.* at 2. Plaintiff further states that there is a policy where "Ouachita Camden Jail are supposed to provide medical care and medical treatment to prisoners a duty owed by his or her individual capacity/job capacity 5th, 8th and 14th amed due process [sic]." *Id.* at 3. Clearly, such conclusory statements can not make out a custom or policy claim.

The Plaintiff cannot sustain his Section 1983 claim against the City of Camden with just his vague and conclusory allegations that the City had unconstitutional policies. To withstand the

Defendants' Motion for Summary Judgment, he must show some specific deficiency in the City's policies, which evidences a deliberate disregard for the constitutional rights of inmates. *See Dwares v. City of New York*, 985 F.2d 94, 100 (2nd Cir. 1993) ("mere assertion . . . that a municipality has such a custom or policy [that purportedly caused a violation of the plaintiff's constitutional rights] is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference").

Moreover, to the extent Plaintiff is seeking injunctive relief, when a prisoner is no longer subjected to an allegedly unconstitutional or unlawful course of action, the prisoner's claims for declaratory and injunctive relief are moot. *Pratt v. Corr. Corp. of Am.*, 267 Fed. Appx. 482, 2008 WL 612571, *1 (8th Cir. 2008) (table decision) (concluding inmate's 1983 claims for declaratory and injunctive relief were moot when he was transferred to another facility and was no longer subject to alleged unlawful conditions); *Smith v. Hundley*, 190 F.3d 852, 855 (8th Cir. 1999) (section 1983 claims for declaratory and injunctive relief are moot when plaintiff is no longer subject to alleged unlawful conditions). Plaintiff's claims for injunctive relief are now moot because he is no longer incarcerated in the Ouachita County Detention Center, nor is he subject to incarceration by the City of Camden police.

B.  Individual Capacity Claims

Plaintiff's claim against Defendant Poole is that Poole threatened him on one or more occasions. Verbal threats and name calling usually are not actionable under 1983. *Martin v. Sargent,* 780 F.2d 1334, 1338, 1339 (8th Cir.1985); *compare Burton v. Livingston*, 791 F.2d 97, 99, 100-01 (8th Cir.1986) (where guard brandished weapon at prisoner and terrorized him with specific threats of death, such as encouraging the prisoner to run so the guard would have provocation to shoot the

prisoner). Thus, the Motion for Summary Judgment should be granted regarding Plaintiff's claims of threats by Defendant Poole.

Moving to Plaintiff's claims of excessive force against Defendant Franklin, those claims are also subject to dismissal on Summary Judgment. To establish a constitutional violation under the Fourth Amendment's right to be free from excessive force, the test is whether the amount of force used was objectively reasonable under the particular circumstances." *Brown v. City of Golden Valley*, 574 F.3d 491, 496 (8th Cir. 2009) (internal quotation omitted). The reasonableness of the force is viewed "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id.*

However, Plaintiff has stated that he is not sure who used the alleged force against him, and if it was even Defendant Franklin. Plaintiff states he has filed a Motion to Supplement the Complaint, ECF No. 93, which should have "rectified any mistakes and be able to identify unknown police officer." *Id.* However, in this Motion to Supplement, Plaintiff provides what appear to be discovery requests to the Defendants, but there is no indication these requests were ever served upon Defendants as discovery. Moreover, Plaintiff never filed a Motion to Compel, or otherwise informed the Court he was unable to obtain the necessary discovery to properly name the defendants in this matter, although this litigation has been ongoing since January of 2008.

While Plaintiff alleges that excessive force was used against him, he fails to identify the individual responsible for such conduct - first stating that Defendant Franklin was responsible, then stating he did not know who caused the harm. Without identifying the individual who caused Plaintiff harm from excessive force, he may not proceed on this claim. *Harris v. Holiday*, 2010 WL 1875680 (E.D. Ark. 2010). For a defendant to be held liable under § 1983, he or she must have personally

participated in, or had some responsibility for, the particular act which deprived Plaintiff of a constitutionally protected right. *Ellis v. Norris*, 179 F.3d 1078, 1079 (8th Cir.1999) ("despite having been ordered to amend his complaint to clarify how ... defendants upon whom he sought service had violated his constitutional rights, [plaintiff] failed to allege facts supporting any individual defendant's personal involvement or responsibility for the violations"); *see also Beck v. LaFleur*, 257 F.3d 764, 766 (8th Cir.2001) (plaintiff failed to allege sufficient personal involvement by any defendant to support a claim); *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir.1985) ("Although it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions.")

The Court does not find an issue of fact regarding whether Franklin was indeed the jailer who allegedly used excessive force on Plaintiff because Plaintiff appears to be no longer alleging that it could be Franklin, stating instead that he does not know who caused the injury. Given Plaintiff's responses to the Motion for Summary Judgment, it is clear he has not alleged sufficient facts against Defendant Franklin and the Motion for Summary Judgment should be granted.

### IV.   Conclusion

Accordingly, it is the Report and Recommendation of the undersigned that the Motion for Summary Judgment, ECF No. 135, be **GRANTED** and **Plaintiff's Complaint, ECF No. 1, and Addendum/Supplement to the Complaint, ECF No. 43, be DISMISSED with prejudice as to Defendants Franklin and Poole.**

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636 (b) (1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the**

**district court.**

**DATED** this **14th day of March 2011.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE